

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00352-CV

_____

IN RE FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY AND
DAVID HOLUB, Relators

---

Original Proceeding
County Court at Law No. 2 of Tarrant County, Texas
Trial Court No. 2019-000056-2

---

Before Bassel, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

**MEMORANDUM OPINION**

Relators Farmers Texas County Mutual Insurance Co. and David Holub (Farmers and Holub) seek mandamus relief from the trial court's September 4, 2020 order denying their plea to the jurisdiction or, in the alternative, motion to abate.

On March 19, 2021, the Texas Supreme Court issued *In re State Farm Mutual Automobile Insurance Co.*, Nos. 19-0791, 19-0792, 2021 WL 1045651 (Tex. Mar. 19, 2021) (orig. proceeding). The same counsel who represented the real parties in interest in the *State Farm* cases represent the real party in interest here, Felicia Hawkins, and procedurally, Hawkins is in the same pleadings posture as the real parties in interest were in the *State Farm* cases. *Id.* at *1. Relators Farmers and Holub are in a position similar to that of the relator in the *State Farm* cases. In those cases, State Farm filed motions for bifurcated trials that the trial courts denied. *Id.* at *2. In contrast, Farmers and Holub did not file a motion for a bifurcated trial but filed, instead, a plea to the jurisdiction or, in the alternative, a motion to abate that the trial court denied.

Based on the *State Farm* opinion, we deny Farmers and Holub's petition in part and conditionally grant their petition in part as follows:

- We deny Farmers and Holub's petition to the extent they sought relief from the trial court's order denying their plea to the jurisdiction. *See id.* at *7.

- We conditionally grant Farmers and Holub's petition to the extent they sought relief from the trial court's order denying their motion to abate all proceedings and discovery on Hawkins's extracontractual case until she obtains a judgment against the tortfeasor establishing liability for the car crash, determining the amount of damages that she is legally entitled to

recover, and setting out whether the tortfeasor's policy limits were insufficient. *See id.* at *6.

Accordingly, we conditionally grant Farmers and Holub's petition for writ of mandamus to the extent the trial court denied their motion to abate and direct the trial court to vacate its order denying their motion to abate and to enter an order granting their motion to abate consistent with the relief granted by the Texas Supreme Court in the *State Farm* opinion. To the extent Farmers and Holub sought any other relief, we deny their petition for writ of mandamus. We are confident that the trial court will comply, and the writ will issue only if it does not.

Our November 9, 2020 stay order remains in place for 15 days after the date of this opinion, after which it will automatically expire, unless a motion for rehearing or a motion to extend time to file a motion for rehearing is filed within that deadline. *See* Tex. R. App. P. 52.9. If a motion for rehearing or a motion to extend time to file a motion for rehearing is filed within 15 days after the date of this opinion, the stay will remain in place until further order of the court.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: April 15, 2021

3